Judge Owsley
delivered the opinion.
The appellee having obtained two judgments in actions of covenant against Robert H. Grayson, issued his executions, and caused them to be levied on a tract of land as belonging to the estate of Grayson. David L Ward, claiming the land as belonging to himself, filed his bill in equity, praying an injunciion to stop the sale, which was granted, and be¡ gave the appellant as securhy in the injunction bond. 'Phis injunction was afterwards dissulved, and the appellee commenced this action of covenant on the injunction bond. The process as to Ward was returned, ‘no inhabitant,’ and the suit as to him abated. On the trial of the issue of.covenants performed, the appellant gave no evidence. But the appellee, to fix the amount of damages, gave in evidence the record of the suit in chancery, containing the injunction bond and order dissolving the injunction, and also the two judgments in favor of the appellee against Grayson, in the aforesaid actions of covenant. The counsel for the appellant, on this evidence, moved the court to instruct the jury, that the plaintiff had no right to recover the amount of the two judgments at law. This instruction was refused, and the jury were instructed, at the instance of the appellee, that the appellee *533 liad a right to recover both these judgments, including costs. The correctness of this instruction is the question now presented to this court. The solution of it must depend on the construction of the injunction bond, and the injunction awarded. The injunction was awarded agreeably to the prayer of the bill; and that prayer was, “that the appellee and sheriff might be restrained front selling any portion of the land seized by the execution, and claimed by Ward, till the matter was heard in equity.” The condition of the injunction bond is to the following effect:
If an injunction lit awarded to a stranperstay-ir g an execution ag’nst the original debtor, & the bond oniy binds the stranger to pay a!) damages & costs on the dissolution, die ot liger is not bound I i the Original dtbt
“■Whereas, tne above bound, David L. Ward, hath prayed fer and obtained an injunction to stay all further proceedings on two executions obtained against Robert H. Grayson by the said David Trimble, which are Is vied on said Grayson’s interest, or some part thereof, in "0 000 a-pres of land on Tittle Sandy, in the circuit court for Green-up county, for five hundred dollars in damages, and seven dollars eighty-one and a half cents costs, the other judgment for one thousand and fifty-two dollars, and fifty five cents in damages, and seven dollars eighty one and a half cents costs. Now shall the said David L. W'ard. well and truly pay to the said David Trimble, all such costs and damages which may acciue to the said David Trimble, in case the injunction be dissolved, then this obligation lo be void, otherwise to remain in full force and virtue,”
Now it is evident, that the damages and costs tobe re covered by this bond, are not those previously mentioned as composing the judgments in the actions of covenant a g.iinst Grayson. Dad these been intended, they would probably have been expressed in terms more brief. But no stipulation as lo paying their amount is inserted. The damages, which may ihereafter, acciue. by reason oí Ward’s aci in issuing tlse injunction, and not those which had ac crued from Grayson’s act in not fulfilling his covenant, are those which Ward and his securities liavé stipulated to pay. It is true, the recital of this bond seems to say that the injunction was lo stay all further proceedings on these judgments. Bin this exceeds the extent of the injunction, which is referred to, and which shews that it only restrains the operation of the executions on one particular subject': claimed by Ward, as to all the rest of Grayson’s estate, the executions were in full force and ume trained All damages, then, which may have accrued-to the appellee, by reason of the obstruction of his executions on this land, *534 are recoverable, as well a3 tbe eosis awarded ia fa~ vor°f the appellee in tLe chancery sun of Ward, t hese damages may bave been equal, or nearly equal, to bis demand against Grayson, and they may bave been far less.. And the evidence addaced on the trial did not'conduce to shew any, except tbe delay of his execuiion against that tract of land, and the small portion of costs, to which be may bave been entitled, in the chaneery suit. Tbe court tberefore erred in the instructions given, that the damages recoverable were the demands against Grayson, or that this demand vt as included within the express condition of the bond.
Alt’no’ the breaches in a declaration need not be assigoed m the veiy covernrr vet they musa be so assigned as to s-.e* a biea.v.h or the covenant,
The writer of the declaration has assumed the fact, that tbe amount of the judgments against Grayson constituted the damages recoverable, and it is assigned for error that the declaration shews no cause of action. The breach assigned, after averring the dissolution of the injunction, alleges that “the obligors thereby became bound to pay the appellee all the costs and damages in the covenant set forth,” It might he somewhat uncertain whether these costs and damages, which were recited in the condition, as composing the demand against Grayson, or those stipulated to be paid in the latter part of the bond, were intended by these expressions in the declaration, if they were not fully explained by tbe expressions following, to wit:
“And the said plaintiff in fact avers, that the said defendants have failed and refused to pay said plaint iff the said costs and damages, which accrued to him upon tbe dissolution of said injunction, to wit: the said execution for Jive hundred dollars damages, and seven dollars eighty one and a half cents costs. and the said other judgment and execution for one thousand and fifty two dollars and fifty turn cents damages, and seven dollars and eighty-one and a half cents eosis.” These expressions clearly shew that the breach of which the appellee complained, was tbe nonpay-¡nent of the judgments against Gravso®, and not the dama-§es occasioned specially by the injunction, and the costs awarded on its dissolution.
To make the breach in covenant good, it is not necessa-rf **lat ‘l should be assigned in the words of the covenant, Bui the expressions must be of tbe like import, or rather guc|) words must be used, as shew that they cannot be true on|e88 coveoaot is broken. Now it is evident that this , ... , ,» breach might be true, ami the appellant be guutv ct na *535 breach. He and his principal may not have paid the amount of the judgments against Grayson, and yet be liable to no action on his undertaking with the appellee. For this reason the declaration ¡S adjudged bad, and the breach assigned shews no cause of action. The judgment is, therefore, reversed with costs, and the cause remanded, with directions for new proceedings accordant with this opinion, to commence by granting leave, if asked, to amend the declaration.